UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FREDRICK BOLDEN, *Pro Se,* | ) | Case No. 1:22 CV 378 |
| | ) | |
| Plaintiff | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| MARYMOUNT HOSPITAL, ***et al.***, | ) | |
| | ) | MEMORANDUM OPINION |
| Defendants | ) | AND ORDER_____ |

## I.  INTRODUCTION

*Pro se* plaintiff Fredrick Bolden filed this *in forma pauperis* action against "Marymount Hospital Cleveland Clinic" and Colleen Fairhurst (Doc. No. 1).

For the reasons that follow, the action is hereby dismissed.

## II.  BACKGROUND

Plaintiff's complaint contains very few factual allegations. Plaintiff alleges that Defendants have violated Plaintiff's "right to equality in public places, Plaintiff's disability, [and] Plaintiff's physical health issue" and they "lacked situational awareness ... during patient engagement, registration, check-in, and orientation." (*Id.* at 1).  Plaintiff also alleges that Defendants neglected to diagnose Plaintiff, which ultimately resulted in Plaintiff's "unnecessary suffering and life threatening risks" and a "violation of his civil rights."  (*Id.* at 1-2). Plaintiff also appears to claim that the Defendants' actions constituted "discrimination and negligence." (*Id.* at 2). Finally, Plaintiff states that the hospital, through employee Fairhurst, failed to ensure "the highest quality of health

care." (*Id.*).

Plaintiff seeks unspecified monetary damages.

### III.  DISCUSSION

### A. Standard of Review

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972).  The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he or she must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of

-2-

action will not meet this pleading standard. *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986).

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## B. Analysis

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines*, 404 U.S. at 520-21; *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir.1991), the Court is not required to conjure up unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). The complaint must give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Lillard v. Shelby Cty. Bd. of Edn.*, 76 F.3d 716, 724 (6th Cir.1996) (citation omitted).

Here, Plaintiff's complaint fails to meet even the most liberal reading of the *Twombly* and *Iqbal* standard as his pleading fails to include any factual allegations, or a discernable claim based on recognized legal authority.  Thus, he fails to state a claim on which relief can be granted. Although Plaintiff alleges Defendants "violated his right to equality in public places" and their actions constituted "discrimination and negligence," these statements are nothing more than a "defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. Moreover, as Plaintiff fails to cite to any specific legal authority, the Court and the defendants are left to guess at what the plaintiff's claims are and the grounds upon which they rest. Plaintiff's complaint therefore does not satisfy the minimum pleading requirements of Federal Civil Procedure Rule 8 and must be

dismissed. *See Twombly*, 550 U.S. at 555; *Hall v. ECDI*, No. 1:13 CV 1793, 2013 U.S. Dist. LEXIS 155607, at *3 (N.D. Ohio Oct. 30, 2013) (Plaintiff's failure to cite a specific provision of a federal Act Defendant allegedly violated did not provide the defendant fair notice of Plaintiff's claim and therefore failed to meet Rule 8 requirements). The Court also concludes that no basis for federal question jurisdiction, 28 U.S.C. § 1331 or diversity jurisdiction, 28 U.S.C. § 1332, has been pled.

To the extent Plaintiff's complaint may be read to say that Defendants committed medical malpractice, the Court declines to exercise supplemental jurisdiction over this state law claim. A district court "may decline to exercise supplemental jurisdiction over a claim" if that court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Because Plaintiff's complaint does not allege any cognizable federal claim, and there is no basis for concluding diversity jurisdiction exists, the Court declines to exercise supplemental jurisdiction over any state law claim Plaintiff may be attempting to assert. *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) ("[A] federal court that has dismissed a plaintiff's federal law claims should not ordinarily reach the plaintiff's state law claims.") (citing among authority 28 U.S.C. § 1367(c)(3); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966)).

Accordingly, any state law claims Plaintiff may have asserted are dismissed without prejudice. *Bullock v. City of Covington*, 698 F. App'x 305, 307 (6th Cir. 2017) ("Normally, when a court declines to exercise supplemental jurisdiction, the court dismisses the [state] claims without prejudice.") (citations omitted).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2)

-4-

is granted, and this action is hereby dismissed pursuant to 28 U.S.C. §1915(e). Further, the court

certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be good

faith.

       IT IS SO ORDERED.


                  */s/ SOLOMON OLIVER, JR.*
                  UNITED STATES DISTRICT JUDGE


May 25, 2022